UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

|  |  |
|---|---|
| LIGHTWIRE, LLC, )<br>)<br>   Plaintiff / Counterclaim Defendant, )<br>)<br>v. )<br>)<br>VAPOR 4 LIFE HOLDINGS, INC., )<br>     f/k/a VAPOR 4 LIFE, INC., )<br>)<br>   Defendant / Counterclaim Plaintiff. )<br>) | Case No. 1:18-cv-03071 |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Vapor 4 Life Holdings, Inc. ("Vapor 4 Life"), by and through its undersigned counsel, for its answer and affirmative defenses to Plaintiff Lightwire, LLC's ("Lightwire") complaint, states as follows:

1. Admitted that Lightwire's complaint purports to assert a cause of action under 35 U.S.C. § 271 for infringement of United States Patent No. 7,614,402 (the " '402 Patent").

2. Vapor 4 Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3. Admitted, except that Vapor 4 Life denies that its principal place of business is at 4100 Commercial Avenue, Northbrook, IL 60062.

4. Admitted.

5. Admitted that the Court has personal jurisdiction over Vapor 4 Life. Vapor 4 Life denies that it has ever committed or continues to commit any acts of patent infringement in any jurisdiction, including by making, using, offering to sell, and/or selling the Accused Products.

1

6. Admitted that venue is proper in this district. Admitted that the Court has personal jurisdiction over Vapor 4 Life. Vapor 4 Life denies that it has ever committed or continues to commit any acts of patent infringement in any jurisdiction, including by making, using, offering to sell, and/or selling the Accused Products and/or by importing the Accused Products into this district. Admitted that Vapor 4 Life has its principal place of business in this district and is incorporated in this district.

7. Vapor 4 Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent that a response may be deemed to be required, Vapor 4 Life denies the same.

9. Vapor 4 Life restates and incorporates by reference its responses to the allegations set forth in paragraphs 1-8, above, as if fully set forth herein.

10. The allegations set forth in Paragraph 10 refer to the terms of the '402 Patent, which document is the best evidence of its contents, and as to which no responsive pleading is required.

11. Denied.

12. Denied.

13. Paragraph 13 does not state any factual allegations to which a responsive pleading is required. Vapor 4 Life states that claim terms recited in the claim chart attached to the complaint as Exhibit B are indefinite, denies that the chart compares definite claim terms to features of the Accused Products, and denies that any portion of the claim chart states a plausible claim for patent infringement.

## **AFFIRMATIVE DEFENSES**

Vapor 4 Life asserts the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted.

2. Vapor 4 Life has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable, and Asserted Claim of the '402 Patent because, among other reasons, none of the Accused Products can be found to include every limitation of any one of the '402 Patent claims Lightwire has asserted ("Asserted Claims") under any reasonable construction of the relevant claim terms contained therein.

3. Vapor 4 Life does not infringe the '402 Patent, either literally or under the doctrine of equivalents, because the Accused Products do not include all the limitations recited in any independent claim of the '402 Patent. The entire contents of Vapor 4 Life's First Counterclaim, presented below, are incorporated by reference and are to be considered a part of this defense.

4. One or more of the asserted claims are invalid under 35 U.S.C. §§ 102, 103 and 112. The entire contents of Vapor 4 Life's Second Counterclaim, presented below, are incorporated by reference and are to be considered a part of this defense.

5. Lightwire is estopped from asserting that features of the Accused Products are equivalent under the doctrine of equivalents to limitations of the '402 Patent claims where the limitations were added, amended, or argued in order to avoid a rejection based on the prior art, including the limitation "wherein said hollow portion comprises a plastic tube which extends through said filter member for containing said flavoring means therein."

Vapor 4 Life reserves its right to assert additional affirmative defenses that may become apparent in the course of discovery.

WHEREFORE, Defendant Vapor 4 Life Holdings, Inc. denies that Plaintiff Lightwire, LLC is entitled to any of the relief that it seeks in its complaint and prays that the Court dismiss Lightwire's complaint with prejudice or, alternatively, enter judgment in favor of Vapor 4 Life and against Lightwire and award Vapor 4 Life its costs and reasonable attorneys' fees.

## COUNTERCLAIMS

Counterclaim Plaintiff Vapor 4 Life Holdings, Inc. ("Vapor 4 Life"), by and through its undersigned counsel, for its counterclaims for non-infringement and invalidity of U.S. Patent No. 7,614,402 (the "'402 Patent") against Counterclaim Defendant Lightwire, LLC ("Lightwire"), alleges as follows[1]:

## THE PARTIES

1.  Vapor 4 Life is an Illinois corporation with a principal place of business at 4080 Commercial Avenue, Suite A, Northbrook, Illinois 60062.

2.  Upon information and belief, Lightwire is a California limited liability company with a principal place of business at 177 E. Colorado Blvd., Suite 200, Pasadena, California 91101.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Vapor 4 Life's counterclaims pursuant to 28 U.S.C. §§ 1331, 1337, 1338(a), 2201, and 2202. An actual controversy exists between Vapor 4 Life and Lightwire regarding the validity and alleged infringement of the '402 Patent in view of Lightwire's allegations that Vapor 4 Life's products as shown in Exhibit B to Lightwire's complaint for infringement (the "Accused Products") are within the scope of the

---

[1] Unless otherwise noted, capitalized terms used in the Counterclaim have the same meaning as set forth in Vapor 4 Life's Answer and/or Affirmative Defenses, above.

claims of the '402 Patent, and Lightwire's allegations that Vapor 4 Life is liable for direct and indirect infringement of the '402 Patent.

4. This Court has personal jurisdiction over Lightwire because Lightwire has submitted to the Court's jurisdiction by filing its complaint against Vapor 4 Life.

5. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 because Lightwire filed its complaint in this district against Vapor 4 Life on the issues to be determined by these counterclaims.

## BACKGROUND FACTS AND ALLEGATIONS IN COMMON

6. The U.S. Patent and Trademark Office issued the '402 Patent on November 10, 2009. Lightwire alleges that it is the owner of the '402 Patent, and it filed its complaint against Vapor 4 Life on April 30, 2018, claiming that Vapor 4 Life is liable for infringement. A true and accurate copy of the '402 Patent is attached to Lightwire's complaint as Exhibit A.

7. Vapor 4 Life is in the business of selling electronic cigarettes and other vaping products. Vapor 4 Life sold the Accused Products before Lightwire filed its complaint but stopped selling the Accused Products before Lightwire filed its complaint or otherwise gave notice to Vapor 4 Life of the alleged infringement.

8. Vapor 4 Life is not liable for infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '402 Patent because, among other reasons, the Asserted Claims are invalid and the Accused Products cannot be found to include every limitation of any independent claim of the '402 Patent under any reasonable construction of the relevant claim terms contained therein.

9. Lightwire knew or should have known that the Asserted Claims were invalid and not infringed at the time it filed this lawsuit.

10. Each limitation of claim 1 of the '402 Patent is inherently taught by a single prior art reference, including U.S. Patent No. 7,240,678 to Crooks et al. ("the Crooks Patent").

11. A person of ordinary skill would have found it obvious to combine the teachings of prior art references, including U.S. Patent No. 7,240,678, U.S. Patent No. 6,041,789, and/or U.S. Patent No. 4,889,144, and those three patents in combination with one or more other prior art references, to come up with the subject matter claimed in each of the Asserted Claims.

12. The terms of the Asserted Claims are indefinite, including: (a) "a filter member"; (b) "a flavoring means placed within said hollow portion"; (c) "capable of dispensing flavoring through said opening of said filter member and into a user's mouth upon the application of pressure to said filter member"; (d) "said hollow portion comprises a plastic tube which extends through said filter member for containing said flavoring means therein"; and (e) "said plastic tube extends at least partway into said second portion of said cylindrical member."

13. The specification of the '402 Patent does not describe the claimed subject matter, including the indefinite terms of the claims, in a way that would lead one skilled in the art to reasonably conclude that the inventor had possession of the claimed subject matter.

14. The specification of the '402 Patent does not enable a person skilled in the art to which the claimed subject matter pertains to make and use the claimed subject matter without undue experimentation.

15. The Accused Products do not include the following limitations: (a) "a filter member"; (b) "an opening within an end of said filter member"; (c) "a flavoring means placed within said hollow portion"; (d) "capable of dispensing flavoring through said opening of said filter member and into a user's mouth upon the application of pressure to said filter member"; (e) a flavoring means that, with dispersing of a flavoring, "aid[s] in the reduction of the user's urge

6

for a cigarette"; (f) "said hollow portion comprises a plastic tube which extends through said filter member for containing said flavoring means therein"; and (g) "said plastic tube extends at least partway into said second portion of said cylindrical member."

16. During the prosecution of the '402 Patent, the applicant added, amended, or argued claim limitations, including the addition of "said hollow portion comprises a plastic tube which extends through said filter member for containing said flavoring means therein" for a reason related to patentability.

## COUNT I
### (Declaration of Non-Infringement of the '402 Patent)

17. Vapor 4 Life restates and incorporates by reference paragraphs 1 – 16, above, as if fully set forth herein.

18. Pursuant to 28 U.S.C. § 2201, the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, Vapor 4 Life is entitled to a declaratory judgment that Vapor 4 Life does not infringe, either directly or indirectly, any valid claim of the '402 Patent under 35 U.S.C. § 271.

19. A real and justiciable controversy exists between Vapor 4 Life and Lightwire concerning the alleged infringement of the '402 Patent, as evidenced by Lightwire's filing of its complaint against Vapor 4 Life.

20. Lightwire has accused Vapor 4 Life of infringing the Asserted Claims. Claim 1 is the only independent claim of the '402 Patent, and to establish infringement of claim 1, Lightwire must show that Vapor 4 Life's Accused Products include each and every limitation recited in claim 1. Claim 2 is dependent on claim 1, and to establish infringement of claim 2, Lightwire must show that Vapor 4 Life's Accused Products include each and every limitation recited in both claim 1 and claim 2.

7

21. Vapor 4 Life does not infringe independent claim 1 because the Accused Products cannot be found to include every limitation recited in claim 1 under any reasonable construction of the relevant claim terms, and Vapor 4 Life does not infringe claim 2 because the Accused Products cannot be found to include every limitation recited in claim 1 and the limitation "said plastic tube extends at least partway into said second portion of said cylindrical member" recited in claim 2 under any reasonable construction of the claim terms.

22. Vapor 4 Life is entitled to a declaration that it does not infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid claim of the '402 Patent.

23. Because no reasonable construction of the relevant claim terms can be employed to demonstrate infringement by the Accused Products, and because Lightwire's assertions to the contrary are frivolous and would have been known to be frivolous if Lightwire had undertaken a reasonable pre-suit investigation, this case is an exceptional case under 35 U.S.C. § 285.

24. Vapor 4 Life reserves the right to update and amend the basis of its non-infringement assertions if and when the Court finds it necessary to construe the language of the claims.

## COUNT II
**(Declaration of Invalidity of the '402 Patent)**

25. Vapor 4 Life restates and incorporates by reference paragraphs 1 - 24, above, as if fully restated herein.

26. Pursuant to 28 U.S.C. § 2201, the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, Vapor 4 Life is entitled to a declaratory judgment that the '402 Patent is invalid.

27. A real and justiciable controversy exists between Vapor 4 Life and Lightwire concerning the alleged validity of the '402 Patent as evidenced by Lightwire's filing of its complaint against Vapor 4 Life.

28. The Asserted Claims are invalid under 35 U.S.C. § 102 because the claimed subject matter is inherently anticipated by at least one prior art reference, including the Crooks Patent identified above.

29. The Asserted Claims are invalid under 35 U.S.C. § 103 because combined teachings of different prior art references, including the prior art references identified above, render the claimed subject matter obvious.

30. Prior art references, either alone or in combination, render the subject matter of the Asserted Claims obvious under 35 U.S.C. § 103 because it was taught and/or otherwise common sense at the time of the claimed invention that a flavoring could be dispensed from a cigarette-shaped product into a person's mouth by squeezing the product near a hollow portion that holds the flavoring.

31. The Asserted Claims are invalid under pre-AIA 35 U.S.C. § 112 ¶2 because numerous terms of the claims are indefinite and the claims therefore fail to apprise one of ordinary skill in the art of the scope of the patentee's claims within a reasonable degree of certainty.

32. The Asserted Claims are invalid under pre-AIA 35 U.S.C. § 112 ¶1 because the specification of the '402 Patent does not describe the indefinite terms of the claims in a way that would lead one skilled in the art to reasonably conclude that the inventor had possession of the claimed subject matter.

33. The Asserted Claims are invalid under pre-AIA 35 U.S.C. § 112 ¶1 because the specification of the '402 Patent does not enable a person skilled in the art to make and use the claimed subject matter without undue experimentation.

34. As a result of the invalidity of the Asserted Claims, Vapor 4 Life is entitled to a declaration that the claims are invalid and that Vapor 4 Life is not liable for infringement.

35. Because no reasonable person would have considered that the Asserted Claims could be construed both broadly enough to demonstrate infringement by Vapor 4 Life and at the same time narrowly enough to avoid the prior art, and because Lightwire's assertions to the contrary are frivolous and would have been known to be frivolous if Lightwire had undertaken a reasonable pre-suit investigation, this case is an exceptional case under 35 U.S.C. § 285.

36. Vapor 4 Life reserves the right to update and amend the basis of its invalidity assertions if and when the Court finds it necessary to construe the language of the claims, and Vapor 4 Life reserves the right to update and amend the basis of its invalidity assertions if and when it finds new prior art or other facts relating to invalidity before trial.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Vapor 4 Life Holdings, Inc. prays that judgment be entered in its favor and against Counterclaim Defendant Lightwire, LLC:

A. Declaring that each claim of the '402 Patent is invalid; and, alternatively,

B. Declaring that Vapor 4 Life does not infringe, directly or indirectly, literally or by equivalence, any valid claim of the '402 Patent;

C. Awarding Vapor 4 Life its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

D. Granting such other and further relief as the Court deems appropriate.

## **JURY DEMAND**

Vapor 4 Life hereby demands a trial by jury as to all claims so triable.

                                                Respectfully submitted,

                                                THOMPSON HINE LLP

Dated: June 25, 2018                    By:      /s/ David Jaglowski
                                                David R. Jaglowski
                                                Illinois Bar No. 6277711
                                                41 South High Street
                                                Suite 1700
                                                Columbus, Ohio 43215-6101
                                                Phone: 614.469.3208
                                                Fax: 614.469.3361
                                                david.jaglowski@thompsonhine.com

                                                Eric N. Heyer
                                                District of Columbia Bar No. 500095
                                                Clifton E. McCann
                                                District of Columbia Bar No. 377084
                                                1919 M. Street, NW
                                                Washington D.C. 20036
                                                Phone: 202.263.8800
                                                Fax: 202.331.8330
                                                eric.heyer@thompsonhine.com
                                                clifton.mccann@thompsonhine.com
                                                *Motions for Leave to Appear Pro Hac Vice pending*

                                                *Counsel for Defendant Vapor 4 Life Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2018, I will cause the foregoing Answer, Affirmative Defenses, and Counterclaims to be filed with the Clerk via the Court's ECM / ECF system and thereby be electronically served on the following:

Isaac Rabicoff, Esq.
Kenneth Matuszewski, Esq.
RABICOFF LAW LLC
73 W. Monroe Street
Chicago, IL 60603

Todd Y. Brandt
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606

*Counsel for Plaintiff Lightwire, LLC*

      /s/ David Jaglowski
David R. Jaglowski
THOMPSON HINE LLP
Illinois Bar No. 6277711
41 South High Street
Suite 1700
Columbus, Ohio 43215-6101
Phone: 614.469.3208
Fax: 614.469.3361
david.jaglowski@thompsonhine.com

*Counsel for Defendant Vapor 4 Life Holdings, Inc.*